IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX TEJADA,<br><br>Petitioner<br><br>v.<br><br>WARDEN OF FCI MCKEAN,<br><br>Respondent | Case No. 1:19-cv-39<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>MEMORANDUM OPINION AND<br>ORDER |

I. Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Alex Tejada (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 3. Petitioner contends that the Bureau of Prisons (BOP), the agency responsible for implementing and applying federal law concerning the computation of federal sentences, erred in computing his sentence. For the following reasons, Petitioner's § 2241 petition must be dismissed.[1]

II. Background

On November 14, 2014, Petitioner, while on probation for a previous crime, was arrested by state authorities in Anchorage, Alaska, for criminal conduct involving the possession and distribution of illegal narcotics. ECF No. 11-3 ¶ 3. Based on that conduct, the State of Alaska charged Petitioner with the following state offenses: Probation Violation; Misconduct-Controlled Substance; and Controlled Substance 3-Deliver/Possess IIA, IIIA. *Id.* On July 22, 2015, federal authorities charged Petitioner with the following federal crimes in connection with that same

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

arrest: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; Possession with Intent to Distribute Controlled Substances; and Distribution of Methamphetamine and Heroin. *Id.*

Following his arrest, Petitioner initially remained in the physical custody of the State of Alaska. Pursuant to a federal writ of habeas corpus ad prosequendum, the United States Marshal Service (USMS) transferred Petitioner to federal custody for prosecution on July 23, 2015. *Id.* ¶ 4. On January 8, 2016, a federal jury convicted Petitioner on all three federal counts. *Id.* Based on that conviction, the United States District Court for the District of Alaska sentenced Petitioner to a 180-month term of imprisonment on September 13, 2017. *Id.* ¶ 6. Notably, the judgment entered in Petitioner's federal case did not indicate that the federal sentence should run concurrently with any other term of imprisonment. *Id.*; ECF No. 11-5.

In the meantime, on March 8, 2017, the Alaskan state court sentenced Petitioner to a 30-month total term of confinement for violating the terms of his probation. ECF No. 11-3 ¶ 5. The State of Alaska credited 548 days of prior service time against Petitioner's 30-month sentence to account for time that he spent in custody from May 15 through September 25, 2002, and from November 14, 2014 through January 1, 2016. *Id.* On September 14, 2017, the USMS returned Petitioner to the Alaska Department of Corrections in satisfaction of the federal writ and Petitioner began serving the remainder of his 30-month state term of confinement. *Id.* ¶ 7.

On November 13, 2017, the State of Alaska released Petitioner to the exclusive custody of federal authorities. *Id.* ¶ 8. The BOP prepared a sentence computation on that same date and credited Petitioner for 621 days of jail credit for time spent in official detention from January 2, 2016, through September 13, 2017. *Id.* ¶ 11. Based on the BOP's calculations, Petitioner is scheduled for release from custody via Good Conduct Time Release on March 27, 2029. *Id.*

The instant petition for writ of habeas corpus,[2] filed pursuant to 28 U.S.C. § 2241, challenges the BOP's calculation of his federal release date. Petitioner generally argues that the BOP failed to credit him for time that he spent in state custody from November 14, 2014 through January 2, 2016. *See* ECF Nos. 3, 12.

III. Analysis

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see, e.g., Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. Because the allegations in the instant habeas action challenge the BOP's computation of Petitioner's federal sentence, this Court has jurisdiction under § 2241 to consider Petitioner's claim.

To determine whether the BOP correctly computed an inmate's federal sentence, a reviewing court must separately determine: (1) the date on which Petitioner's federal sentence commenced, and (2) whether Petitioner was entitled to credit for time spent in custody prior to

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

3

the commencement of his sentence. Each of these determinations is governed by 18 U.S.C. § 3585.

With respect to the commencement date, 18 U.S.C. § 3585(a) provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward: the BOP will simply designate the inmate to a federal detention facility and calculate the federal sentence to have commenced on the date it was imposed. Where a defendant faces prosecution by both state and federal authorities, however, courts apply the "primary custody" doctrine to determine where and how the defendant will serve any resulting sentence of incarceration. *See Taccetta v. Federal Bureau of Prisons*, 606 Fed. Appx. 661, 663 (3d Cir. 2015). Under that doctrine, the sovereign that first arrests an individual has "primary custody" over the defendant and is entitled to have the defendant serve its sentence before that of any other jurisdiction. *See id.* (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153 (3d Cir. 1982)). Primary custody remains vested in that sovereign until the defendant completes that sovereign's sentence or the sovereign relinquishes primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See id.* Notably, a temporary transfer of a prisoner on a writ of habeas corpus ad prosequendum does not constitute a relinquishment. *See id.*; *see also Holloman v. Warden Fairton FCI*, 635 Fed. Appx. 12, 14 (3d Cir. 2015) (stating that "[t]he production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant").

4

In the instant case, Petitioner remained in the primary custody of the State of Alaska from November 14, 2014, when he was arrested by state authorities, until November 13, 2017, when the state released Petitioner to the exclusive custody of federal authorities. Petitioner does not appear to dispute that his federal sentence commenced on November 13, 2017. *See* ECF No. 12 at 1. Thus, the lone remaining question is whether Petitioner received the appropriate amount of credit for the time that he spent in custody prior to the commencement of his sentence.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>." *Id.* (emphasis added). The intent of the last clause of § 3585(b) is to prohibit an inmate from receiving double credit for his prior time in detention. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *See, e.g., Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In the instant case, Petitioner received credit against his state sentence for two periods of time that he spent in state custody following his arrest. Specifically, he was credited for his time in state custody between November 14, 2014 and January 1, 2016, and between September 14, 2017 and November 12, 2017. Because he received credit against his state sentence for those time periods, the BOP appropriately and correctly determined that he was not entitled to a credit against his federal sentence for those time periods under § 3585(b). *Vega*, 493 F.3d at 314. Moreover, because the BOP provided Petitioner with 621 days of jail credit for the intervening

5

time that he spent in official federal detention between January 2, 2016 and September 13, 2017, it appears that he received all of the credit to which he was entitled under § 3585. His challenge to the BOP's calculation of his sentence must be dismissed.

IV. Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is dismissed.[3] The Clerk is directed to mark this case closed.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: June 29, 2021

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).